UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES | ) | No. 23-34 |
| | ) | |
| v. | ) | Section: "I" |
| | ) | |
| ALPHONSE BAZILE, | ) | |
|    Defendant | ) | |

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNT ONE

NOW INTO COURT, through undersigned counsel, comes defendant Alphonse Bazile, who respectfully submits the following memorandum in support of the Motion to Dismiss Count One filed on the 10th day of September, 2023.

**I.**

Mr. Bazile is being charged with felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), which states that "it shall be unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to be in possession of any firearm. Mr. Bazile currently moves to dismiss the indictment, arguing that the statute is unconstitutional under the Second Amendment as interpreted in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen* because Mr. Bazile's conduct of possessing a firearm was for the purpose of self-defense.[1]

**II.**

The Second Amendment to the United States Constitution states that a "well-regulated militia, being necessary to the security of a free state, the right of the people to keep and bear arms, shall not be infringed."[2] Historic caselaw, such as that in *District of Columbia v. Heller*, held that the Second Amendment grants an individual the right to possess firearms, and establishes that self-

---

[1] 142 S. Ct. 2111 (2022)
[2] U.S. Const. amend. II

1

defense is paramount to this right.[3] However, this historic caselaw instituted a two-factor test to determine if a law is in violation of the Second Amendment. First, the court would determine if the conduct at issue falls within the protected scope of the Second Amendment.[4] If the conduct was beyond the scope, the law was deemed constitutional.[5] If it was within the scope, the court would then consider whether to apply strict or intermediate scrutiny.[6]

The Supreme Court in *Bruen* created a new test to assess the constitutionality of firearms restrictions.[7] First, the court must ask whether the challenged conduct is covered by the plain text of the Second Amendment. If the conduct is found to be covered, the law is presumed to be unconstitutional and the burden shifts to the Government to provide evidence that the restriction is consistent with the historical tradition of firearm regulation.[8] *Bruen* further established a three-part test to consider the historical tradition in the second part of the test: temporal proximity to the founding era, similarity to the challenged restriction, and breadth.[9]

The Supreme Court in *Bruen* also codified that the Second Amendment is subject to the same rules and scrutiny as other Amendments.[10] The plain text of *Bruen* also states that "[The] Second Amendment guaranteed to 'all Americans' the right to bear commonly used arms in public subject to certain reasonable, well defined restrictions."[11] The Supreme Court and many other courts have debated the question on if felons have the same rights as the everyone else who within the category of "Americans." Under *Bruen*, the denial of felons the protections of the Second

---

[3] 554 U.S. 570, 630 (2008); *see also Bruen*, 142 S. Ct. at 2133
[4] *United States v. McGinnis*, 956 F.3d 747, 754 (5th Cir. 2020) (quoting *Nat'l Rifle Ass'n of Am., Inc. v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 700 F.3d 185, 194 (5th Cir. 2012))
[5] *Id.*
[6] *Id.*
[7] *Bruen*, 142 S. Ct. at 2127
[8] *Id.* at 2156
[9] *Id.* at 2130–34, 2136, 2138
[10] *Id.*
[11] *Id.*

2

Amendment would be categorically equal to denying them the protections of every other Amendment, including the First Amendment. Indeed, in *United States v. Rahimi*, the Fifth Circuit rejected that the Second Amendment applies only to "law-abiding" citizens.[12] This rejection was done in response to a similar ban by persons subject to 18 U.S.C. § 922(g)(8).[13]

### III.

Section 922(g)(1) is a universal ban on all firearm possession by anyone convicted of a crime with a term of imprisonment exceeding one year. The section does not discriminate against the type of firearm or the way it is used, rather it maintains that the *possession* is the conduct at issue. Under the first part of the *Bruen* test, this Honorable Court must ask if the conduct at issue is protected by the plain text of the Second Amendment.[14] Therefore the conduct of possessing a firearm is within the plain text of the Second Amendment and this section is altogether unconstitutional.

### IV.

Based on the analyses under *Bruen* and *Rahimi*, the question as to if persons convicted of felony offenses are excluded from the protections of the Second Amendment would be examined in the second part of the *Bruen* test. Based on this, a ban on a felon's right to possess a firearm is presumed to be unconstitutional under the plain text of the Second Amendment at the first part of the *Bruen* test. It is then the burden of the Government to show under historical tradition that a select category of persons can be disarmed at the second part of the test under *Bruen*.

The Government must first show that there is a temporal proximity to the founding era. The Supreme Court in *Bruen* warned about letting latter passages of laws overruling the Second

---

[12] 61 F.4th 443 (5th Cir. 2023)
[13] *Id. at* 451–53.
[14] *Bruen*, 142 S. Ct. at 2156

Amendment. The court further explained that "to the extent later history contradicts what the text says, the text controls."[15]

The Government must then show that the historical precedent is comparable to the laws in question. Under *Bruen*, the regulations must be distinctly similar, or nearly identical.[16] This approach is streamlined under *Bruen* where a more nuanced approach is to be taken based on societal concerns or technological evolution.[17] This approach however only applies when there are evolutions that would have been completely unimaginable at the time of the adoption of the Second Amendment.[18]

Finally, the Government must show that traditionally the conduct has been broadly prohibited.[19] *Bruen* states that there must be "a governmental practice has been open, widespread, and unchallenged since the early days of the Republic."[20] The Supreme Court in *Bruen* clarifies that these practices cannot be outliers, one-offs, nor promoting a singular interest, rather they must be strictly traditional.[21] The Second Amendment was a salve for the repeated disarmament of marginalized groups of persons by the English Crown. While disarmament of groups of persons was a tradition for many centuries during Colonialism and the early formations of the United States, these acts generally fell upon groups of people for their political, religious, or racial makeup. Indeed, the disarmament of felons as a category of persons did not begin until the 20th century.

---

[15] *Id.* at 2137
[16] *Id.* at 2132
[17] *Id.*
[18] *Id.*
[19] *Id.* at 2138
[20] *Id.* at 2137 (quoting *NLRB v. Noel Canning*, 573 U.S. 513, 572 (2014)
[21] Id. at 2126, 2142, 2133, 2156

## V.

Under *Bruen*, 18 U.S.C. § 922(g)(1) is unconstitutional under the two-part test established by the Supreme Court. Under the first part of the test, the right to possess a firearm is explicitly protected under the plain text of the Second Amendment, of which is to be given the same weight and protections as other amendments. Under the second part of the test, the Government must show that there is a temporal proximity to the founding era, a similarity to the challenged restriction, and breadth. This second part of the test is the Governments burden to show.

Based upon the foregoing, Mr. Bazile asks this Honorable Court to dismiss the indictment as interpreted in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen* because Mr. Bazile's conduct of possessing a firearm was for the purpose of self-defense and he is afforded the protections granted by the Second Amendment.

Respectfully Submitted,

/s/ Michael A. Kennedy_____
MICHAEL A. KENNEDY #32276
4000 Bienville Street, Suite C
New Orleans, LA 70119
(504) 377-8003 office
(504) 482-6171 fax

*Counsel for Defendant Alphonse Bazile*

### CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2023, I filed the foregoing pleading with the Clerk of Court using the CM/ECF System, which will send a copy of the pleading to all parties via email.

/s/ Michael A. Kennedy
Michael A. Kennedy #32276
*Counsel for Defendant Alphonse Bazile*