## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---:|
| **UNITED STATES OF AMERICA** | CRIMINAL ACTION |
| **VERSUS** | No. 23-34 |
| **ALPHONSE BAZILE ET AL.** | SECTION I |

### ORDER & REASONS

Before the Court are two motions[1] by defendant Alphonse Bazile ("Bazile") and one motion[2] by defendant Rayshaud Green ("Green") (collectively, the "defendants"). Bazile moves to dismiss Counts 1 and 3 of the indictment. Green moves to dismiss Counts 2 and 5 of the indictment and adopts Bazile's motion to dismiss Count 1. All three motions are opposed by the government.[3] Both defendants filed replies to the government's oppositions.[4] For the reasons that follow, the Court denies the motions to dismiss.

### I. BACKGROUND

On February 24, 2023, Bazile and Green were indicted.[5] Count 1 charged Bazile with knowingly possessing a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8), based on his prior convictions for second degree battery and aggravated assault with a firearm.[6] Count 2 charged Green with knowingly possessing a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8), based on his prior conviction for

---

[1] R. Doc. Nos. 70, 71.
[2] R. Doc. No. 76.
[3] R. Doc. Nos. 77, 84.
[4] R. Doc. Nos. 82, 90.
[5] R. Doc. No. 1.
[6] *Id.* at 1.

armed robbery.[7] Count 3 charged Bazile and Green with knowingly possessing a machine gun in violation of 18 U.S.C. §§ 922(o) and 924(a)(2).[8] Count 4 charged Green with knowingly possessing a machine gun in violation of 18 U.S.C. §§ 922(o) and 924(a)(2).[9] Count 5 charged Green with knowingly possessing a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8), based on his prior conviction for armed robbery.[10]

Bazile moves to dismiss Count 1 of the indictment on the ground that 18 U.S.C. § 922(g)(1) is "unconstitutional on its face as applied to Mr. Bazile."[11] Green similarly moves to dismiss Counts 2 and 5, adopts Bazile's motion to dismiss Count 1, and supplements Bazile's arguments about the constitutionality of 18 U.S.C. § 922(g)(1).[12] Bazile also moves to dismiss Count 3 of the indictment, seeming to argue both that the indictment is insufficient and that the government lacks sufficient evidence to sustain a conviction.[13] The government opposes these motions, arguing that many courts have already rejected defendants' contention that 18 U.S.C. § 922(g)(1) is unconstitutional and that the question of whether the government has sufficient evidence to prove Bazile's guilt is a question for the jury.[14]

---

[7] *Id.* at 2.
[8] *Id.*
[9] *Id.* at 3.
[10] *Id.*
[11] R. Doc. No. 70, at 1.
[12] R. Doc. 76, at 1.
[13] R. Doc. No. 71, at 1.
[14] R. Doc. No. 77, at 2, 12; R. Doc. No. 84.

## II. LAW

Federal Rule of Criminal Procedure 12(b)(1) provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." If a pretrial motion presents a question of law in a case involving undisputed facts, Rule 12 authorizes the court to rule on the motion. *United States v. Flores*, 404 F.3d 320, 325 (5th Cir. 2005).

## III. ANALYSIS

### a.  Counts 1, 2, and 5

As mentioned previously, Bazile argues that, because of recent Supreme Court jurisprudence, 18 U.S.C. § 922(g)(1) is "unconstitutional on its face as applied to Mr. Bazile."[15] Green adopts this argument.[16] Defendants' motions to dismiss specific counts of the indictment challenging the constitutionality of 18 U.S.C. § 922(g)(1) are

---

[15] R. Doc. No. 70, at 1. It appears that the defendants are raising both a facial challenge and an as-applied challenge to 18 U.S.C. § 922(g)(1). Bazile argues that the statue is "unconstitutional on its face as applied." *Id.* "A facial challenge is really just a claim that the law or policy at issue is unconstitutional in all its applications. So classifying a lawsuit as facial or as-applied affects the extent to which the invalidity of the challenged law must be demonstrated and the corresponding "breadth of the remedy," but it does not speak at all to the substantive rule of law necessary to establish a constitutional violation." *Bucklew v. Precythe*, 139 S. Ct. 1112, 1127 (2019). Accordingly, "'[w]hen a litigant brings both as-applied and facial challenges,' courts are to 'decide the as-applied challenge first because it is the narrower consideration.'" *United States v. Melendrez-Machado*, No. EP-22-CR-00634-FM, 2023 WL 4003508, at *10 (W.D. Tex. June 14, 2023) (addressing both as-applied and facial challenges to 18 U.S.C. § 922(g)(1)) (quoting *Buchanan v. Alexander*, 919 F.3d 847, 852 (5th Cir. 2019). Because the defendants are unsuccessful in their as-applied challenge, there is no need to address the facial challenge because the defendants will not be able to "establish that no set of circumstances exists under which the Act would be valid." *See Ctr. for Individual Freedom v. Carmouche*, 449 F.3d 655 (5th Cir. 2006).
[16] R. Doc. No. 76.

appropriate for the Court to rule on as pretrial motions because they do not involve disputed facts or require a trial of the general issue. *See Flores*, 404 F.3d at 325.

18 U.S.C. § 922(g)(1) provides that "it shall be unlawful for any person . . . who has been convicted in any court of [ ] a crime punishable by imprisonment for a term exceeding one year [ ] to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." Defendants argue that this statue violates the Second Amendment because it infringes on their right to possess firearms.[17]

In *D.C. v. Heller*, the Supreme Court held certain D.C. firearm regulations were unconstitutional pursuant to the Second Amendment. 554 U.S. 570, 573 (2008). "Under *Heller*, when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct, and to justify a firearm regulation the government must demonstrate that the regulation is consistent with the Nation's historical tradition of firearm regulation." *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2117 (2022). The *Heller* Court further explained that, "[l]ike most rights, the right secured by the Second Amendment is not unlimited," and is subject to "longstanding prohibitions on the possession of firearms by felons and the mentally ill." *Heller*, 554 U.S. at 626.

The U.S. Fifth Circuit Court of Appeals has stated in numerous opinions that the Second Amendment does not prevent Congress from prohibiting felons from

---

[17] R. Doc. No. 70, at 1; R. Doc. No. 76-1, at 1.

possessing firearms. *See e.g.*, *United States v. Scroggins*, 599 F.3d 433, 451 (5th Cir. 2010); *United States v. Everist*, 368 F.3d 517, 519 (5th Cir.2004); *United States v. Darrington*, 351 F.3d 632, 633-34 (5th Cir. 2003); *United States v. Emerson*, 270 F.3d 203, 261 (5th Cir. 2001). Prior to *Heller*, the Fifth Circuit, in *United States v. Darrington*, 351 F.3d 632, 633-34 (5th Cir. 2003), applied exhaustive historical analysis to uphold the constitutionality of 18 U.S.C. § 922(g)(1). *See United States v. Thompson*, No. CR 22-173, 2023 WL 3159617, at *3 (E.D. La. Apr. 27, 2023) (Ashe, J.) (describing the Fifth Circuit's exhaustive analysis of the historical tradition of prohibiting the possession of firearms by certain citizens).

The Fifth Circuit jurisprudence cited above, however, predates the Supreme Court's recent opinion, in *New York State Rifle & Pistol Ass'n v. Bruen*, which abrogated the two-step approach that courts had been applying to determine whether the Second Amendment prohibited a firearm regulation.[18] 142 S. Ct. 2111 (2022). While *Bruen* does not call into question the constitutionality of 18 U.S.C. § 922(g)(1),

---

[18] The two-step inquiry conducted by prior to *Bruen* proceeds as follows:

> First, we ask whether the conduct at issue falls within the scope of the Second Amendment right. To make that determination, we look to whether the law harmonizes with the historical traditions associated with the Second Amendment guarantee. If the burdened conduct falls outside the scope of the Second Amendment, then the law is constitutional and the inquiry is over. Otherwise, we proceed to step two, where we must determine and apply the appropriate level of means-ends scrutiny – either strict or intermediate.

*United States v. McGinnis*, 956 F.3d 747, 754 (5th Cir. 2020) (quotations and citations omitted).

defendants contend that, pursuant to the analysis set forth in *Bruen*, 18 U.S.C. § 922(g)(1) is "altogether unconstitutional."[19]

*Bruen* "restated the standard under which courts must decide whether limits on an individual's right to bear arms are constitutional. *Bruen* rejected the approach of considering the purposes served by a particular limit—the "means-end" approach— and instructed lower courts to consider text and history as the determinative factors." *United States v. Herrera*, No. CR H-20-692, 2023 WL 5917414, at *1 (S.D. Tex. Sept. 11, 2023). *Bruen* held that "[w]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Bruen*, 142 S. Ct. at 2129–30.

Justices who joined the Court's decision in *Bruen* deliberately underscored that *Bruen* did not overturn the longstanding prohibitions on firearm possessions by felons. *Id.* at 2162 (Kavanaugh, J., concurring) (Roberts, J., joining) ("[N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.") (quoting *Heller*, 554 U.S. at 626); *Id.* at 2157 (Alito, J., concurring) ("Nor have we disturbed anything that

---

[19] R. Doc. No. 70-1, at 3.

we said in *Heller* or *McDonald* [ ] about restrictions that may be imposed on the possession or carrying of guns.").

After *Bruen*, the Fifth Circuit decided *United States v. Rahimi*, which held that 18 U.S.C. § 922(g)(8), a statute prohibiting the possession of firearms by persons subject to domestic violence restraining orders, was unconstitutional. *United States v. Rahimi*, 61 F.4th 443 (5th Cir. 2023), *cert. granted*, No. 22-915, 143 S. Ct. 2688 (2023). Bazile argues that the ban in 18 U.S.C. § 922(g)(8) is "a similar ban" to the ban in 18 U.S.C. § 922(g)(1).[20] However, "the holdings in *Rahimi* and *Bruen* are legally distinguishable from this case because § 922(g)(1) and § 924(a)(2) regulate a different class of people. The *Rahimi* Court was not referring to a class of people who had been convicted of a felony." *United States v. Hale*, No. CR 22-131, 2023 WL 3866865, at 2 (E.D. La. June 6, 2023) (Zainey, J.). "*Rahimi* had no occasion to address the constitutionality of § 922(g)(1), nor did it purport to do so." *Thompson*, No. CR 22-173, 2023 WL 3159617, at *4. "Thus, contrary to calling 18 U.S.C. § 922(g)(1) into question, *Rahimi* recognizes, as did the Supreme Court in *Heller* and *McDonald*, that the history and tradition of the Second Amendment make clear that prohibiting convicted felons from possessing firearms is constitutionally tolerable." *Id.*

As the government notes,[21] over a hundred courts have considered defendants' argument that *Bruen* and *Rahimi* overrule prior Fifth Circuit precedent and found it to be unpersuasive. *See, e.g.*, *Thompson*, No. CR 22-173, 2023 WL 3159617, at *3

---

[20] R. Doc. No. 70-1, at 3.
[21] *Id.* at 2.

("*Bruen* does not "unequivocally overrule" the Fifth Circuit precedent which concluded, based on the text and history of the Second Amendment, that § 922(g)(1) is constitutional"); *United States v. Clay,* No. 6:22-CR-00086, 2023 WL 3059155, at *2 (S.D. Tex. Apr. 23, 2023) ("[T]he Fifth Circuit has previously held that restrictions prohibiting convicted felons from possessing firearms do not violate the Second Amendment. Nothing in *Bruen* changed those holdings, which remain binding.") (citations omitted); *United States v. Mosley*, No. 4:23-CR-0041-P, 2023 WL 2777473, at *2 (N.D. Tex. Apr. 4, 2023) ("The Fifth Circuit has held that restrictions prohibiting convicted felons from possessing firearms do not violate the Second Amendment. *Bruen* did not change that fundamental premise.") (citations omitted); *United States v. Grinage*, No. SA-21-CR-00399-JKP, 2022 WL 17420390, at *3 (W.D. Tex. Dec. 5, 2022) ("Nothing in the *Bruen* decision calls into question the precedential effect of Fifth Circuit decisions finding § 922(g)(1) constitutional based on the Second Amendment's text and history.").

Defendants rely on a case from a U.S. District Court in the Southern District of Mississippi to argue that all the other cases addressing the constitutionality of § 922(g)(1) are wrongly decided.[22] That case, *United States v. Bullock*, No. 3:18-CR-165-CWR-FKB, 2023 WL 4232309, at *31 (S.D. Miss. June 28, 2023), held that § 922(g)(1) was unconstitutional as applied to a felon who possessed firearms in his home for self-defense. Numerous courts have addressed the arguments raised in *Bullock* and found them to be unconvincing, as does this Court. *See e.g.*, *United States*

---

[22] R. Doc. 79-2, at 2.

*v. Haynes*, No. 3:23-CR-00071-01, 2023 WL 5673962, at *5 (W.D. La. Sept. 1, 2023); *United States v. Wade*, No. 3:22-CR-3 JD, 2023 WL 6037404, at *2 (N.D. Ind. Sept. 15, 2023); *United States v. Sternquist*, No. 22-CR-473(DLI), 2023 WL 6066076, at *8 (E.D.N.Y. Sept. 15, 2023); *United States v. Herrera*, No. CR H-20-692, 2023 WL 5917414, at *2 (S.D. Tex. Sept. 11, 2023).[23]

"The Fifth Circuit has not addressed § 922(g)(1) in light of *Bruen*." *United States v. Mosely*, No. CR H-22-620, 2023 WL 4765596, at *2 (S.D. Tex. July 26, 2023). Furthermore, "there is no binding precedent explicitly holding that § 922(g)(1) is unconstitutional on its face or as applied and [ ] it is not clear that either *Bruen* or *Rahimi* dictate such a result." *United States v. Garza*, No. 22-51021, 2023 WL 4044442, at *1 (5th Cir. June 15, 2023); *see also United States v. Smith*, No. 22-10795, 2023 WL 5814936, at *3 (5th Cir. Sept. 8, 2023) (stating there is no binding authority deeming § 922(g)(1) unconstitutional); *United States v. Racliff*, No. 22-10409, 2023 WL 5972049 (5th Cir. Sept. 14, 2023) (explaining the same).

"[F]or a Supreme Court decision to change [the Fifth] Circuit's law," the intervening Supreme Court case "must be more than merely illuminating with

---

[23] Green also raises another case that held that § 922(g)(1) was unconstitutional as applied: *Range v. Att'y Gen.*, 69 F.4th 96 (3d Cir. 2023) (en banc). [23] *Range* was an as-applied challenge to § 922(g)(1) where the government could not demonstrate a historical tradition that justified disarming Range following his conviction of a state misdemeanor for making misrepresentations on his food stamp application. *Id.* at 98. There are obvious differences between Range's misdemeanor conviction and defendants' convictions for second degree battery, aggravated assault with a firearm, and armed robbery. Furthermore, "*Range* is not binding on this court. And unlike the Third Circuit, the Fifth Circuit has not convened en banc to address the effect of *Bruen* on the circuit's § 922(g)(1) jurisprudence." *United States v. Mosely*, No. CR H-22-620, 2023 WL 4765596, at *3 (S.D. Tex. July 26, 2023).

respect to the case before the court;" it "must unequivocally overrule prior precedent." *In re Bonvillian Marine Serv., Inc.,* 19 F.4th 787, 792 (5th Cir. 2021) (cleaned up) (quoting *Tech. Automation Servs. Corp. v. Liberty Surplus Ins. Corp.*, 673 F.3d 399, 405 (5th Cir. 2012)). "Th[at] bar. . .is high." *Gruver v. La. Bd. of Supervisors*, 959 F.3d 178, 181 (5th Cir. 2020). "*Bruen* did not disturb binding Fifth Circuit precedent regarding the constitutionality of 18 U.S.C. § 922(g)(1), and, even if it did, . . . the authority to determine whether the Fifth Circuit's pre-*Bruen* precedent regarding the constitutionality of § 922(g)(1) has been overturned by an intervening change in the law lies with the Fifth Circuit alone." *Thompson*, No. CR 22-173, 2023 WL 3159617, at *5. Accordingly, the Court denies defendants' motions to dismiss Counts 1, 2, and 5.

### b.  Count 3

With respect to Count 3, Bazile states that "[t]he indictment does not state facts sufficient to constitute evidence Mr. Bazile violated 18 U.S.C. §§ 922(o) and 924(a)(2)."[24] It is unclear whether Bazile is challenging the sufficiency of the indictment or just the sufficiency of the government's evidence to sustain a conviction. Out of an abundance of caution, the Court will address both arguments.

As mentioned previously, "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." Fed. R. Crim. P. 12(b)(1). Because "[w]hether the indictment sufficiently alleges a crime is an issue of law, not of fact," the Court may consider the indictments

---

[24] R. Doc. No. 71, at 1.

"sufficiency to charge an offense." *United States v. Mann*, 517 F.2d 259. 267 (5th Cir. 1975). "[A] defendant may not challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence." *United States v. Alexander*, No. CR 15-295, 2016 WL 6518404, at *4 (E.D. La. Nov. 2, 2016) (Africk, J.) (citing *United States v. Mann*, 517 F.2d 259, 267 (5th Cir. 1975)).

"The test of an indictment's sufficiency is whether it contains the elements of the offense intended to be charged, sufficiently apprises a defendant of what he must be prepared to meet, and is detailed enough to assure against double jeopardy." *United States v. Miller*, 491 F.2d 638, 649 (5th Cir. 1974). Furthermore, "[w]hile this Court has the power to acquit a defendant after a guilty verdict when no rational jury could have found the essential elements of the offense beyond a reasonable doubt, *United States v. Alarcon*, 261 F.3d 416, 421 (5th Cir. 2001), this Court cannot determine before trial and without an evidentiary record what a rational jury could or could not find." *Id.*

Count 3 charges Bazile with a violation of 18 U.S.C. § 922(o) which makes it "unlawful for any person to transfer or possess a machinegun." The indictment adequately describes the elements of the offense and provides enough detail to appraise the defendant of the charges against him and assure against double jeopardy. *Miller*, 491 F.2d at 649. Accordingly, the indictment is sufficient. Bazile's arguments regarding the sufficiency of the government's evidence are matters for the jury to determine at trial.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the motions to dismiss are **DENIED.**

New Orleans, Louisiana, October 27, 2023.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**